Argued and submitted November 28, 1994, reversed and remanded January 25,
respondent's motion for reconsideration filed January 26 allowed by opinion
March 22, 1995
See 133 Or App 594 (1995)

# STATE OF OREGON,
*Appellant,*

*v.*

# WILLARD CLETE CONNER,
*Respondent.*

(9311-2280C; CA A83139)

888 P2d 1087

Jonathan H. Fussner, Assistant Attorney General, argued
the cause for appellant. With him on the brief were Theodore

R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Eric M. Cumfer, Deputy Public Defender, argued the cause for respondent. With him on the brief was Sally L. Avera, Public Defender.

Before Richardson, Chief Judge,* and De Muniz and Leeson, Judges.

De MUNIZ, J.

---

\* Richardson, C. J., *vice* Rossman, P. J., retired.

**De MUNIZ, J.**

The state appeals from an order that denied the admission of Horizontal Gaze Nystagmus (HGN) evidence. *See* ORS 138.060(3). We reverse.

On November 17, 1993, Officer Maddox investigated and cited defendant for driving under the influence of intoxicants. ORS 813.010. During his investigation, he administered the HGN field sobriety test to defendant. *See* OAR 257-25-020(1)(a). The state moved for a pretrial hearing to determine the admissibility of testimony by Maddox concerning the results of that test.

At the hearing, the state presented evidence about Maddox's training, his experience in administering the test and the manner in which he had tested defendant. The trial court denied the admission of the HGN test evidence, because the state did not lay a foundation that demonstrated that the evidence met the requirements for the admission of scientific evidence articulated in *State v. Brown*, 297 Or 404, 687 P2d 751 (1984).

The state assigns error to the court's denial of its motion to admit evidence derived from the HGN test administered to defendant. It argues that, in *State v. O'Key*, 123 Or App 54, 858 P2d 904 (1993), *rev allowed* 319 Or 80 (1994), we held that the HGN test is scientifically reliable as a matter of law. It asserts that that holding relieves it of the burden of laying a foundation that establishes the scientific reliability of the HGN test. Defendant argues that the trial court was within its discretion in denying the admission of HGN evidence, because the state did not lay a foundation establishing the test's reliability, relevancy or helpfulness to the trier of fact.

■ The results of an HGN test are scientific evidence. *State v. Reed*, 83 Or App 451, 454-55, 732 P2d 66 (1987).[1] Because the probative value and dangers of presenting a

---

[1] The HGN test draws its convincing force from the scientific principle that consumption of alcohol causes nystagmus, a rhythmical oscillation of the eyes, either horizontal, rotary or vertical. *State v. Reed, supra,* 83 Or App at 455. The test allows a police officer to detect nystagmus and thus probable impairment from intoxicating liquor, a controlled substance or a combination of the two. *See* OAR 257-25-005(1); OAR 257-25-020(1)(a).

particular type of scientific evidence to the trier of fact are substantially the same in every case, we determine the general admissibility of such evidence and do not defer to the discretion of the trial court. *State v. Brown, supra*, 297 Or at 442; *see also Plemel v. Walter*, 303 Or 262, 277-78, 735 P2d 1209 (1987).

 To determine the admissibility of scientific evidence, we first analyze its relevance and probative value under OEC 401[2] and OEC 702[3] by considering the factors listed by the court in *State v. Brown, supra*, 297 Or at 417. We then evaluate the evidence under OEC 403.[4] 297 Or at 438; *see also State v. Lyons*, 124 Or App 598, 863 P2d 1303 (1993), *rev allowed* 319 Or 406 (1994) (analyzing the admissibility of a type of DNA evidence). A particular type of scientific evidence is generally admissible if we conclude that it is relevant and helpful to the trier of fact, under OEC 401 and OEC 702, and its probative value is not substantially outweighed by the dangers identified in OEC 403. However, even if we conclude that a type of scientific evidence is generally admissible, the specific facts of a case may demonstrate that the particular evidence offered is inadmissible. *State v. Futch*, 123 Or App 176, 185, 860 P2d 264 (1993), *rev allowed* 319 Or 406 (1994); *see also State v. Scott*, 121 Or App 308, 315, 854 P2d 991, *rev den* 318 Or. 27 (1993) (Deits, J., concurring) ("Challenges to the administration of [the HGN] test in a particular case may always be made.").

 In *State v. O'Key, supra*, 123 Or App at 60, we applied the *Brown* factors and concluded that HGN evidence is relevant under OEC 401 and helpful to the trier of fact under

_____

[2] OEC 401 provides:

" 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

[3] OEC 702 provides:

"If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education may testify thereto in the form of an opinion or otherwise."

[4] OEC 403 provides:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence."

OEC 702. We also concluded that the admission of HGN evidence would not violate OEC 403, because such evidence would not have an adverse or unduly prejudicial impact on the trier of fact. 123 Or App at 60. In addition, we noted that, "[a]s with testimony about all field sobriety tests, the evidence about how the test was performed and defendant's response to it is subject to cross-examination." 123 Or App at 60-61. Thus, we concluded that evidence resulting from an HGN test is generally admissible, but that a party may challenge the admissibility of evidence derived from the application of the test in a particular case.

After our opinion in *State v. O'Key, supra*, the state need not establish the scientific reliability of HGN test evidence at trial. The court's ruling to the contrary was error.

Reversed and remanded.